UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDSEY J. D.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

CASE NO. 2:25-CV-1843-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

Defendant's denial of her application for supplemental security income ("SSI") benefits.[1] On

January 8, 2026, Defendant filed the Administrative Record-Answer ("AR"). Dkt. 12. That same

day, the Court entered a Scheduling Order directing Plaintiff to file an opening brief on February

17, 2026 and directing Defendant to file a response brief on March 19, 2026. Dkt. 13. Plaintiff

filed her Opening Brief on February 17, 2026. Dkt. 15. On March 10, 2026, Defendant filed

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

another copy of the AR with an indication that it contained a modified transcript. Dkt. 17. Defendant has not filed a response brief.

In the Opening Brief, Plaintiff maintains this case should be remanded because: (1) the Administrative Law Judge ("ALJ") improperly evaluated the consultative examiner's opinion and (2) the ALJ's evaluation of the medical opinion is not supported by substantial evidence because Exhibit 21BF is missing from the AR. Dkt. 15.

Defendant filed a corrected AR that included Exhibit B21F on March 10, 2026. Dkt. 17. A notation on the first page of the corrected AR states that Exhibit B21F was incomplete when the AR was initially certified in November 2025. *See id*. The parties did not communicate to the Court that additional briefing was necessary as a result of the resubmitted AR. Further, Defendant did not seek an extension to file a response.[2] As Defendant has not responded to Plaintiff's arguments, the Court finds Defendant has conceded harmful error and this matter must be remanded. *See Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013) (construing the Commissioner's failure to respond to an argument as a concession that the plaintiff's argument has merit and finding the "Court will not manufacture a defense on the Commissioner's behalf where Plaintiff has identified an at least plausible error"); *Johnny T. v. Berryhill*, 2019 WL 2866841, at *2 (D. Or. July 2, 2019) (finding "the Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues").

---

[2] The Court inadvertently entered a second scheduling order when the duplicate AR was filed. *See* Dkt. 18. However, less than thirty minutes after the second scheduling order was entered, the Court struck the second scheduling order and sent notice to the parties that the second scheduling order was stricken because it was entered in error. *See* Docket. Therefore, the parties knew, or should have known, the initial scheduling order remained in full force and effect.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

On remand, the Commissioner shall reverse the agency's decision and the ALJ shall hold a *de novo* hearing and issue a new decision. When re-considering this case, the ALJ shall re-evaluate Dr. Holly Petja, Ph.D.'s opinion and the Commissioner shall ensure the certified record is complete.[3]

For the above stated reasons, this case is reversed and remanded for further administrative proceedings consistent with this Order under sentence four of 42 U.S.C. § 405(g).

Dated this 31st day of March, 2026.

David W. Christel
United States Magistrate Judge

---

[3] The Court has searched the AR and finds Exhibit B21F is included in the AR filed on March 10, 2026. *See* Dkt. 17.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3